UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**03-73188**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | GEORGE E. WOODS |
| Plaintiff, | CASE NO. |
| v. | MAGISTRATE JUDGE R. STEVEN WHALEN |
| DETROIT COMMUNITY HEALTH CONNECTION, INC. | HONORABLE |
| Defendant. | COMPLAINT AND JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to make whole Evelyn Hargrove ("Hargrove"). The Equal Employment Opportunity Commission ("Commission") alleges that Detroit Community Health Connection, Inc., Defendant, refused to hire Hargrove, a qualified individual, because her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporate by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed in the

Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant (the "Employer"), has been doing business in the State of Michigan, City of Detroit, and has continuously had at least (15) employees.

5. At all relevant times the Defendant Employer has continuously been engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, the Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Hargrove filed a charge with the Commission alleging violations of Title I of the ADA by the Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about January 22, 2002, the Defendant Employer engaged in an unlawful employment practice in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a). This practice includes the Defendant Employer's refusal to hire Hargrove for a Center Director position because

of her disability. Hargrove is a qualified individual with a disability who was and is able, with or without a reasonable accommodation, to perform the essential functions of the position she sought.

9. The effect of the above-mentioned, unlawful employment practice has been to deprive Hargrove of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

10. The above-mentioned, unlawful employment practice was intentional.

11. The above-mentioned, unlawful employment practice caused Hargrove emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

12. The above-mentioned, unlawful employment practice was done with malice or with reckless indifference to the federally protected rights of Hargrove.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any unlawful employment practice which discriminates on the basis of disability;

B. Order the Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order the Defendant Employer to make whole Hargrove by providing her with appropriate lost earnings and benefits, with prejudgement interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, hiring Hargrove to the position which

she sought with pay and benefits equal to that which she would have attained had she been originally hired;

D. Order the Defendant to pay Hargrove compensatory damages;

E. Order the Defendant to pay Hargrove punitive damages;

F. Grant the Commission its costs in this action; and

G. Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DRIEBSAND
General Counsel

JAMES LEE
Deputy General Counsel

Dated: August 22, 2003

ADELE RAPPORT (P44833)
Regional Attorney

ROBERT K. DAWKINS (P38289)
Supervisory Trial Attorney

TRINA R. MENGESHA (P59458)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
DETROIT DISTRICT OFFICE
Patrick V. McNamara Federal Building
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 226-4620

4