UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

DETROIT COMMUNITY HEALTH CONNECTION,

    Defendant.

CASE NO. 03-73188
Honorable Nancy Edmunds

## CONSENT DECREE

1. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission") commenced this action on August 22, 2003 in the United States District Court for the Eastern District of Michigan, Southern Division, alleging that the Defendant, Detroit Community Health Connection ("*DCHC*"), failed to hire Charging Party Evelyn Hargrove, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

2. As a result of settlement discussions, the Commission and DCHC have resolved their differences and have agreed that this action should be settled. It is the intent of the parties that this be a final and binding settlement in full disposition of any and all claims alleged or which could have been alleged in the Complaint against DCHC or in the Charge of Discrimination filed by Evelyn Hargrove, Charge No. 230-A2-00614.

3. The Commission is the agency of the United States government authorized by the ADA to investigate allegations of unlawful employment discrimination based upon disability, to

1

FILED
MAY 23 2005
CLERK'S OFFICE
DETROIT

bring civil actions to prohibit unlawful employment practices, and to seek relief for individuals affected by such practices.

4. DCHC is an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(2), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h). DCHC had at least 25 employees for 20 or more calendar weeks during the relevant period of time.

5. Pursuant to the ADA, the parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Michigan over the subject matter and parties to this case for the purpose of entering this Decree, and if necessary, enforcing the provisions of this agreement.

6. Venue is appropriate in the Eastern District of Michigan. For purposes of this Decree and proceedings related to this Decree only, DCHC agrees that all statutory conditions precedent to the institution of this lawsuit against DCHC has been fulfilled.

7. Having examined the terms and provisions of the Consent Decree and based on the pleadings, records, and stipulations of the parties, the parties agree to the following:

a. The Court has jurisdiction over the subject matter of this action against DCHC;

b. The terms and provisions of this Consent Decree are fair, reasonable and just. The rights of DCHC, the Commission, and those for whom the Commission seeks relief are adequately protected by this Decree;

c. The Consent Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights and privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best

interests of the parties and those for whom the Commission seeks relief.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

8. This agreement, being entered with the consent of the Commission and DCHC, shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission by DCHC of any violation of the ADA or, any other law, rule or regulation dealing with or in connection with equal employment opportunity.

9. DCHC, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them or any of them shall comply with the provisions of the ADA, 42 U.S.C. § 12101 et seq., with regard to disability discrimination.

10. DCHC, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them shall make an individualized assessment of an applicant's ability to work with or without reasonable accommodation when making a hiring decision. If the applicant requests an accommodation DCHC will engage in an interactive discussion with the applicant to explore possible accommodations. DCHC shall not automatically refuse to hire an applicant without making an individualized assessment of whether the applicant is able to work with or without a reasonable accommodation. DCHC shall continue to conduct lawful pre-employment examinations, to be conducted in-house or as otherwise determined by DCHC at their expense. If DCHC desires additional medical information from an applicant during the post offer pre-employment period, it shall specifically advise the individual of the information it requires, which may include medical records. If any additional outside examinations are requested, DCHC will pay for the cost of the examination.

11. DCHC shall not take any action against any person which constitutes intimidation,

3

retaliation, harassment, or interference with the exercise of such person's rights under the ADA because of the filing of the Charge of Discrimination by Evelyn Hargrove, which forms the basis for the present case, or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case under the ADA.

12. DCHC shall, within ten (10) days of entry of this Consent Decree, pay Evelyn Hargrove $116,000. This amount represents payment for $_____ in backpay plus interest, and $_____ in alleged compensatory damages. DCHC shall issue a W-2 form for the backpay amount and a Form 1099 for the alleged compensatory and punitive damages, both in the ordinary course of business. This monetary compensation shall be paid in two checks made payable to Evelyn Hargrove 20530 Gilchrist, Detroit, Michigan 48235. DCHC shall mail this payment to Evelyn Hargrove by overnight mail within ten (10) days after this Consent Decree has been entered by the Court. DCHC shall mail copies of the check and the certified mail receipt to Adele Rapport, Regional Attorney, 477 Michigan Avenue, Suite 865, Detroit, Michigan 48226. The Commission shall have the right to monitor compliance with this paragraph through inspection of all documents relating to said disbursement, including but not limited to, a copy of the check, check stub, return receipt, letters, and any other documents evincing payment hereunder.

13. DCHC agrees that within 180 days it will provide a mandatory training program, provided by attorneys for the EEOC, to all employees, which will focus on the requirements of the federal equal employment opportunity laws, including the Americans with Disabilities Act of 1990, as amended. The training will include information and discussion regarding the ADA requirement that employers must conduct an individual assessment of an applicant's ability to perform the essential functions of the job, with or without reasonable accommodation, before

4

disqualifying such individuals from employment. This training shall also discuss the duty of reasonable accommodation for employees with disabilities and the interactive process. The training for all employees will be conducted in several sessions, and scheduled in conjunction with DCHC. Within 30 days after all employees have been trained DCHC will provide the E.E.O.C. with a list of all attendees and certify that all employees have been trained.

## POSTING OF NOTICE

14. DCHC agrees that it shall post a copy of the Notice attached as Exhibit A in a conspicuous location at all of its Michigan facilities where employee notices are posted. The notice shall be posted for three (3) years from the date the Consent Decree is entered by the Court. Should the posted notice become defaced, marred or otherwise made unreadable, DCHC agrees to post a readable copy of the notice as soon as practical thereafter.

## DURATION

15. This Consent Decree shall remain in effect for three (3) years from the date it is entered, and the Court shall retain jurisdiction of this action during the duration of this Decree to enforce compliance with the Decree.

16. The Court will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of any party, the Court may schedule a hearing for the purpose of reviewing any party's compliance with this Decree and/or ordering appropriate relief to determine whether the parties have complied with the terms of this Decree. Prior to seeking review by the Court, the parties shall engage in a good faith effort to resolve any dispute concerning compliance with the Decree. Any party seeking court review of a matter shall be required to give ten (10) days notice to the other parties before moving for such review.

17. Each party shall bear its own court costs and attorney fees.

18. If any provision(s) of this Agreement is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

19. The terms of this Decree shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of DCHC.

20. This Agreement constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by DCHC and the Commission.

21. When this Decree requires or permits the submission any documents by DCHC to the Commission, if not otherwise indicated in the Decree, they shall be mailed to Adele Rapport, Regional Attorney, EEOC, Detroit District Office, Patrick V. McNamara Federal Building, 477 Michigan Avenue, Room 865, Detroit, MI 48226.

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | DETROIT COMMUNITY HEALTH CONNECTION |
|---|---|
| _Adele Rapport_ <br> Adele Rapport (P44873) <br> Regional Attorney <br><br> Robert Dawkins <br> Supervisory Trial Attorney |  |

6

Trina Mengesha (P59458)
Trial Attorney
Attorneys for Plaintiff
Detroit District Office
Patrick V. McNamara Federal Building
477 Michigan Ave., Room 865
Detroit, MI 48226

ENTERED

*Nancy Edmunds*
U.S. District Court Judge

7

## EXHIBIT A

### NOTICE TO ALL EMPLOYEES

This Notice is being posted as a result of a Consent Decree entered between the United States Equal Employment Opportunity Commission and DCHC to inform you of your rights guaranteed by federal law under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA"). The ADA prohibits discrimination against any employee on the basis of disability with regard to any term or condition of employment including hiring, layoff, recall, promotion, discharge, pay and fringe benefits or in retaliation for the opposition to unlawful employment practices.

The United States Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, files lawsuits in federal court to enforce the anti-discrimination provisions of the ADA. Any employee who believes that he/she is the victim of discrimination or retaliation has the legal right to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

DCHC supports and will comply with this federal law in all respects. DCHC will not take any action against any employees because they have exercised their rights under the ADA.

_____
Dated

_____
Detroit Community Health Connection

8